ANTHONY DIJOHN AND GERRI DIJOHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Di John v. Commissioner
Docket No. 5778-88.
United States Tax Court
T.C. Memo 1988-588; 1988 Tax Ct. Memo LEXIS 617; 56 T.C.M. (CCH) 957; T.C.M. (RIA) 88588; December 28, 1988. Anthony DiJohn and Gerri DiJohn, pro se. Kenneth A. Burns, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent issued a notice of deficiency, dated December 21, 1987, determining a deficiency in petitioners' Federal income tax for the taxable year 1981 in the amount of $ 5,216 and additions to tax under section 6653(a)(1) [1] in the amount of $ 260.80 and section 6653(a)(2) in the amount of 50 percent of the interest due on $ 5,216. Petitioners filed a petition in response to such notice on March 23, 1988. This case is on the Trial Session of the Court scheduled for Las Vegas, Nevada, on January 23, 1989. Petitioners have filed a Motion to *618 Dismiss Pursuant to the Doctrine of Res Judicata on October 24, 1988, and respondent filed a response to such motion on November 21, 1988. The issue presented by petitioners' motion is whether the doctrine of res judicata applies so as to preclude respondent from determining a deficiency in petitioners' Federal income tax for the 1981 taxable year and issuing a second notice of deficiency for such year. The chronology of pertinent events is set forth below. Respondent originally issued a notice of deficiency, dated February 25, 1986, determining a deficiency in and additions to petitioner Anthony DiJohn's (Mr. DiJohn) Federal income tax for the taxable year 1981 in the same amounts as those set forth in the notice involved herein and set forth above. Mr. DiJohn filed a petition in response to such notice, which petition was assigned docket No. 15307-86. Petitioner Gerri DiJohn (Mrs. DiJohn) was not a party to that action. The petition was filed on May 16, 1986, which date was 445 days after the mailing of the notice *619 of deficiency. Subsequently, Mr. DiJohn and respondent filed cross-motions to dismiss in docket No. 15307-86 for lack of jurisdiction. At Motions Session of the Court held in Washington, D.C. on November 5, 1986 and April 1, 1987, the merits of the motions to dismiss filed in that case were heard. On June 30, 1987, in an Order of Dismissal and Memorandum Sur Order, the Court found that it lacked jurisdiction and granted petitioner's Motion to Dismiss docket No. 15307-86. The only issue before the Court at these motion hearings for docket No. 15307-86 was whether respondent mailed a valid notice of deficiency to Mr. DiJohn, i.e., whether the notice was sent to Mr. DiJohn's last known address. In its Order dated June 30, 1987, the Court dismissed docket No. 15307-86 for lack of jurisdiction on the grounds that the notice of deficiency had not been mailed to Mr. DiJohn's last known address and was therefore invalid. Subsequent to the Court's determination in docket No. 15307-86, respondent, on December 21, 1987, mailed the instant notice of deficiency to Mr. and Mrs. DiJohn. In this notice, respondent relies on a six-year period of assessment applicable under section 6501(e)(1)(A). *620 [2] This notice was mailed on a date which was prior to the expiration of such six-year period for assessment. This case is based on this second notice of deficiency. Mr. and Mrs. DiJohn argue that respondent is precluded from issuing a second notice of deficiency with respect to the 1981 taxable year based on the doctrine of res judicata and they seek dismissal of this case as their remedy. Respondent argues that res judicata has no applicability under the facts of this case. We agree with respondent. Res judicata is a judicial doctrine which provides that when a court of competent jurisdiction has entered a judgment on the merits of a cause of action, the parties to the suit are bound to every matter that was, or could have been, offered. ; *621 . In , the Supreme Court discussed the scope of the doctrine as it relates to Federal income taxes and stated, at page 598, as follows: Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or nonliability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. * * * As Mrs. DiJohn was not a party to the dismissal of docket No. 15307-86, she cannot now assert res judicata as a bar to the issuance of a second statutory notice including her. The issue can only be whether res judicata is a bar against the issuance of a second notice that includes Mr. DiJohn. A prerequisite to the *622 application of res judicata is that the prior judgment be one rendered by a court having jurisdiction over the matter and that the court render a judgment on the merits of the dispute. ; Where a prior action is dismissed for lack of jurisdiction, such dismissal is not a dismissal that is rendered on the merits. ; (D.Or., 1958). In docket No. 15306-86, our sole holding was that this Court lacked jurisdiction because respondent had issued an invalid notice of deficiency. To maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; , affd. without published opinion . In our Order of Dismissal and Memorandum Sur Order, dated June 30, 1987, we determined that we lacked jurisdiction to consider Mr. DiJohn's 1981 taxable year and accordingly did not reach *623 the merits of the case. Since the merits of Mr. DiJohn's 1981 taxable year have not been litigated, we hold that res judicata is not a bar to this action. [3]
To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 6501(e)(1)(A) provides in relevant part as follows: (A) General rule. -- If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed.↩
3. Although the dismissal of the case in docket No. 15307-86 did not adjudicate the merits of Mr. DiJohn's 1981 taxable year so as to make the case res judicata as to whether respondent can determine a deficiency for Mr. DiJohn's 1981 taxable year, it did adjudicate the question of whether the Court had jurisdiction over such docket.↩